**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**RICO CLAYTON**                                    **CIVIL ACTION**

**VERSUS**                                          **No. 06-9525**

**HORACE MANN INSURANCE COMPANY**                   **SECTION: I/3**


<u>**ORDER AND REASONS**</u>

Before the Court is a motion to remand, filed on behalf of plaintiff, Rico Clayton.  Defendant in this matter is Horace Mann Insurance Company ("Horace Mann").  For the following reasons, plaintiff's motion to remand is **DENIED.**

*BACKGROUND*

On or about August 29, 2005, Hurricane Katrina struck the New Orleans region, causing damage to plaintiff's home located at 5518 Marigny St., New Orleans, Louisiana.[1]  Defendant insured plaintiff's property through both fire and homeowners policies. The fire policy provided coverage amounts of: $75,000 for dwelling, $1,000 for personal property, and $7,500 for fair rental value.[2]  The homeowners policy provided coverage amounts of:  $137,400 for dwelling, $13,740 for additional structures, $82,440 for personal property, and $82,440 for additional living

---

[1] Rec. Doc. No. 1-2, p. 1.

[2] Rec. Doc. No. 10-2, p. 2.

expenses.[3]

On August 25, 2006, plaintiff filed suit against defendant, Horace Mann, in Civil District Court for the Parish of Orleans.[4] On November 3, 2006, defendant removed the case to this Court, asserting jurisdiction under 28 U.S.C. § 1332.[5]  Plaintiff moved to remand on December 21, 2006.[6]

### *ANALYSIS*

Plaintiff contends that the amount in controversy does not exceed the $75,000, exclusive of interest and costs, needed to satisfy diversity jurisdiction under 28 U.S.C. § 1332.  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Defendant must prove by a preponderance of the evidence that plaintiff's claim exceeds the limit either "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy-preferably in the removal petition, but sometimes by

---

[3]Rec. Doc. No. 10-2, p. 4.; Rec. Doc. No. 10-1, p. 3.  The Court notes that plaintiff's petition, perhaps in clerical error, only lists the fire policy number and makes no mention of the coverage available under the homeowners policy.

[4] Rec. Doc. No. 1-2, p. 2.

[5] Rec. Doc. No. 1-1, p. 3.

[6] Rec. Doc. No. 9.

affidavit-that support a finding of the requisite amount.'"
*Luckett,* 171 F.3d at 298 *(*quoting *Allen v. R & H Oil & Gas Co.*,
63 F.3d 1326, 1335 (5th Cir. 1995)).  The Court must look at the
claims as they existed at the time of removal, and any
ambiguities are strictly construed in favor of remand.  *Manguno*,
276 F.3d at 723.  In considering whether the defendant has met
the preponderance standard, "it is the value of the claim, not
the value of the underlying policy, that determines the amount in
controversy." *Franklin v. State Farm Ins. Co.*, 2006 WL 2925513,
at *2 (E.D. La. Oct. 10, 2006)(Barbier, J.)(citing *Atkins v.
Lexington Ins. Co.*, 2006 WL 1968895 (E.D. La. July 12,
2006)(Vance, J.)).

     If the defendant meets its burden, then "the plaintiff must
be able to show that, as a matter of law, it is certain that he
will not be able to recover more than the damages for which he
has prayed in the state court complaint."  *De Aguilar v. Boeing
Co.*, 47 F.3d 1404, 1411 *(*5th Cir. 1995).  This is known as the
"legal certainty test."  *Id.*  It is "not a burden-shifting
exercise."  *Id.* at 1412.  The Fifth Circuit has suggested that
this burden may be satisfied by demonstrating that state law
prevents recovery in excess of $75,000 or that the plaintiffs are
somehow "bound irrevocably" to an amount under the federal
jurisdiction limit.  *De Aguilar*, 47 F.3d at 1412; *Franco v.
Teasdale*, 2006 WL 2224743 (E.D. La. Aug. 1, 2006) (Africk, J.).

As previously stated, defendant must prove by a preponderance of the evidence that removal is appropriate. Defendant has met that burden because it is "facially apparent" from plaintiff's complaint that he seeks to recover more than $75,000.  Plaintiff states in his complaint that his property suffered "extensive damage" during Hurricane Katrina for which he seeks insurance payment.[7]  While it is not clear whether plaintiff seeks recovery under the fire policy alone, plaintiff's potential recovery for "extensive damage," even under that policy alone, is substantial.

Plaintiff also seeks compensation for loss of use and additional living expenses,[8] and alleges damages due to stress and mental anguish.[9]  Finally, plaintiff seeks attorneys' fees, damages, and penalties, which are recoverable under Louisiana law, because of defendants' alleged arbitrary and capricious actions.[10]  There is no binding affidavit or stipulation in the record that would confine plaintiff to a recovery of less than

---

[7]Rec. Doc. No. 1-2, p. 3.

[8]Rec. Doc. No. 1-2, p. 3.

[9]Rec. Doc. No. 1-2, pp. 4-5.

[10]Rec. Doc. No. 1-2, pp. 5-6.  Claims for attorney's fees and penalties pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied.  *See, e.g.*, *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Poynot v. Hicks*, No. 02-2068, 2002 WL 31040174, at *3 (E.D. La. Sept. 12, 2002) (Zainey, J.) (considering claims for penalties and attorney's fees pursuant to the Louisiana Insurance Code in determining whether amount in controversy requirement was satisfied).

$75,000.[11]

Based on the language in plaintiff's petition, and absent a binding affidavit or stipulation from plaintiff that the amount in controversy is less than $75,000, Horace Mann has met its burden to establish that the amount in controversy requirement is satisfied.  *See Schneider v. State Farm Life and Cas. Co.*, No. 06-7426, 2007 WL 14752, at *1 (E.D. La. Jan. 3, 2007) (Feldman, J.).  As the parties are diverse,[12] the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that plaintiff's motion to remand[13] is **DENIED.**

New Orleans, Louisiana, January ___25th___, 2007.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[11]The affidavit attached to plaintiff's motion to remand is merely a statement from plaintiff that the allegations in his petition are true.  Rec. Doc. No. 9-3, p. 1.  There is no statement in the affidavit or petition that even purports to limit plaintiff's recovery to an amount less than the jurisdictional minimum.

[12]The diversity of the parties is not disputed.  Rec. Doc. No. 10, p. 2.

[13]Rec. Doc. No. 9.